(76 South. 960)

DEMENT et al. v. FRENCH, Sheriff.

(8 Div. 16.)

(Supreme Court of Alabama.    Nov. 15, 1917.)

ADVERSE POSSESSION ⬗114(1) — AGREEMENT FOR DIVISION OF ESTATE — EXECUTION OF DEED—SUFFICIENCY OF EVIDENCE.

In suit to quiet title by the administrator of a widow against her deceased husband's son by a former marriage, evidence *held* to show that the agreement for the division of the husband's estate made between the widow and the son contemplated that each become the absolute owner of that part of the estate referred to in the agreement as allotted to each of them, that pursuant to such agreement the son executed a deed conveying without limitations his interest in the property in question to the widow, and that she continued for a period of 30 years in the open, notorious, and adverse possession of the property under claim of absolute ownership.

Appeal from Circuit Court, Limestone County; James E. Horton, Jr., Judge.

Bill in equity by N. D. French, as Sheriff, and as administrator of the estate of Bettie B. Dement, deceased, against John Dement and others. From a decree for complainant, respondents appeal. Affirmed.

Bill by appellee, as administrator of the estate of Bettie B. Dement, deceased, against John Dement and others, children and heirs at law of James C. Dement, deceased, to quiet the title to certain lands, specifically described in the bill, and referred to as the "Caple place" and also referred to as the "home place" situated in Limestone county, Ala.

That the complainant was in the peaceable possession of the land as said administrator, and that respondents were claiming title thereto or interest therein, and that no suit was pending involving said title to said lands were questions admitted.

Respondents answered the bill, claiming title to the land by virtue of being the children of James G. Dement, deceased. Upon submission of the cause for final decree on pleading and proof, the chancellor granted the relief prayed for in the bill, and entered his decree to the effect that respondents had no right, title, or interest in and to the lands. From this decree the respondents prosecute this appeal.

The proof showed that one Josiah B. Dement died in November, 1884, seised and possessed of two tracts of land in Limestone county, Ala., one of which was known as the Caple place, or home place, and the other as the Vassar place. He left a widow, Bettie B. Dement, of whose estate complainant is administrator, and one son by a former marriage, James G. Dement, and through whom the respondents claim title. There was offered in evidence without objection a certain instrument signed by James G. Dement and Bettie B. Dement, and witnessed by one S. M. Clay, bearing date December 4, 1885, which was referred to as an agreement for a division of the estate of Josiah B. Dement. This agreement reads as follows:

"This agreement entered into this the 4th day of December, 1885, as to the division of the estate of J. B. Dement, deceased, certifies that B. B. Dement take the Caple place, and J. G. Dement take the Vassar place; also to equalize the value of said places the said B. B. Dement promises and binds himself to pay the said James G. Dement the sum of one thousand dollars in five annual installments with interest from date (1st day of January, 1886), said payment to begin the 1st day of January, 1887, also her half of whatever balance there may be due on the Vassar place from the estate of Josiah B. Dement, deceased, to be paid in three years with interest from the 1st day of January, 1886. And it further witnesses that said James G. Dement agrees to release the said B. B. Dement from all liabilities hanging over the Vassar place, provided that Mrs. E. D. Vassar will consent to release the said Caple place from said estate of Josiah B. Dement, said release to be effected by James G. Dement giving an individual mortgage on the Vassar place, it being his part (by this agreement) of the estate of Josiah B. Dement."

There was also offered in evidence a deed executed by Bettie B. Dement to said James G. Dement, bearing date December 4, 1885, conveying all the interest of the grantor in what is referred to as the Vassar place, the deed reciting that the same was made "in consideration of a division of the estate of Josiah B. Dement, deceased," between the wife, Bettie B. Dement, and the son, James G. Dement, and also refers to the sum of $1,000 which is to be paid the said grantee as "the amount necessary to equalize the division." The evidence for complainant tended to show, as also appeared from the agreement as to the division of the estate above set out, that, as a part of the agreement, the said Bettie B. Dement was also to pay one-half of the remaining indebtedness of the Vassar place which went to the said James G. Dement in the division.

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In 1889 the said Bettie B. Dement executed a mortgage to James G. Dement to secure the sum of $2,015 which was payable in several annual installments; and the proof tended to show that this mortgage had been duly transferred to one Easter by the said James G. Dement, and that there still remained due some part of the indebtedness. This mortgage was offered in evidence duly acknowledged and recorded.

There was no deed offered in evidence by James G. Dement to Bettie B. Dement to the Caple or home place, the lands here involved. The respondents contended that their father, James G. Dement, only gave the said Bettie B. Dement a life interest in the said lands. Complainant offered proof tending to show that said James G. Dement had in fact executed a deed to convey the lands, and that the same had been lost, misplaced, or destroyed; that the said Bettie B. Dement had since December, 1885, remained in the possession of said lands adversely and openly, claiming the same as hers absolutely, and executing two different wills disposing of same, and so continued in possession until the time of her death in July, 1915. Complainant offered testimony tending to show that the said James G. Dement had admitted that he executed his deed to the said Bettie B. Dement, but that for some reason he did not think it valid. Respondents offered testimony tending to show that Bettie B. Dement claimed only a life interest in the property, asserting that at her death the lands would go to these respondents. Complainant's testimony further tended to show that the deed of James G. Dement to Bettie B. Dement contained no limitations as to the title, but conveyed the land to her absolutely.

D. C. Almon, of Albany, for appellants. W. T. Sanders, W. R. Walker, and J. G. Rankin, all of Athens, for appellee.

GARDNER, J. The foregoing statement of the case sufficiently discloses the nature of the suit, the issues of fact presented, and a general outline of the tendencies of the evidence for the respective parties. This appeal presents purely a question of fact for determination, and we are of the opinion that no useful purpose would be served in a discussion of the evidence. It has been most carefully examined, and we are persuaded that the agreement of the division of the estate entered into between the widow of Josiah Dement, and his only son and heir, James G. Dement, contemplated that each become the absolute owner of that part of the estate referred to in the agreement as allotted to each of them; and we are further convinced that, pursuant to such agreement, the said James G. Dement did, in fact, execute a deed conveying without limitations his interest in the Caple or home place to the said Bettie B. Dement, according to the terms of the contract of December 4, 1885, and, in addition to this, that the said Bettie B. Dement continued for a period of 30 years in the open, notorious, and adverse possession of this property under claim of absolute ownership.

We therefore agree with the conclusion of the chancellor, and his finding will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.